**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 01 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREEDOM MORTGAGE CORPORATION, a New Jersey corporation,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>TRIPLE BRAIDED CORD, LLC, as Trustee of the HR Trust,<br><br>        Defendant - Appellant,<br><br>  and<br><br>TROVARE HOMEOWNERS ASSOCIATION, a Nevada corporation and GERARDO GOMEZ, an individual,<br><br>        Defendants. | No. 14-15559<br><br>D.C. No. 2:11-cv-01403-MMD-GWF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted August 10, 2015[**]
San Francisco, California

Before: REINHARDT, TASHIMA, and CALLAHAN, Circuit Judges.

Appellant Triple Braided Cord, LLC ("Triple Braided Cord") appeals the judgment against it in Appellee Freedom Mortgage Corporation's ("Freedom Mortgage") suit to quiet title on a property located at 5521 Hidden Rainbow Street in North Las Vegas, Nevada. Because the parties are familiar with the facts and procedural history, we do not restate them except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

The district court granted judgment for Freedom Mortgage based on its determination that Triple Braided Cord[1] was not a bona fide purchaser of the Hidden Rainbow property because Triple Braided Cord had constructive notice of Freedom Mortgage's prior-recorded first deed of trust at the time of the purchase. The district court also held, in denying Triple Braided Cord's motion for an extension of time to file dispositive motions, that a homeowner's association

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Triple Braided Cord is acting as Trustee of the HR Trust. The Court uses the term "Triple Braided Cord" to refer to both parties.

("HOA") foreclosure based on a super-priority lien under Nevada law does not extinguish a first security deed of trust. However, the Nevada Supreme Court has since held in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014), that an HOA has a true super-priority lien on a property for nine months of unpaid assessments, and foreclosure on this lien extinguishes all other interests in that property, included prior-recorded first deeds of trust.[2] Accordingly, the district court's judgment, to the extent it was based on a contrary interpretation of the Nevada HOA super-priority statutory scheme, was erroneous. *See, e.g., Olympic Sports Prods., Inc. v. Universal Athletic Sales Co.*,760 F.2d 910, 913 (9th Cir. 1985) (federal courts "are bound to follow the decisions of a state's highest court in interpreting that state's law") (citation omitted).

We accordingly REVERSE the district court's judgment and REMAND for further proceedings. This remand is without prejudice to any constitutional arguments the parties may make below, which the district court may address in the first instance. We note that the State of Nevada or the Federal Housing Finance Agency may wish to intervene in the proceedings below, in light of the possible constitutional issues that the district court may address on remand.

---

[2]Given the change in the law presented by *SFR*, and the fact that Triple Braided Cord did present its extinguishment theory below, we do not find that Triple Braided Cord's extinguishment argument was waived on appeal.

3

**REVERSED AND REMANDED.**